

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **TOMMY DIAMOND, II,** | ) | **Docket Number: 2018-02-0072** ~~FILED~~ |
| **Employee,** | ) | Aug 10, 2018 |
| **v.** | ) | 11:18 AM(CT) |
| **CLAYTON HOMES, INC.,** | ) | **State File Number: 12596-2018** |
| **Employer,** | ) | |
| **and** | ) | |
| **BROADSPIRE SERVICES, INC.,** | ) | **Judge Brian K. Addington** |
| **Insurance Carrier.** | ) | |

**FILED**
Aug 10, 2018
11:18 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

This Court conducted an Expedited Hearing on August 7, 2018, on Tommy Diamond's request for medical and temporary disability benefits. The issue is whether he is likely to prevail at a hearing on the merits that he timely notified Clayton Homes about a work injury and whether his claim is time-barred. For the below, the Court holds Mr. Diamond gave timely notice but failed to file his claim within the statute of limitations. Therefore, his requests are denied.

### History of the Claim

Mr. Diamond built floors for Clayton Homes. On September 26, 2016, he returned to work following bilateral carpal tunnel surgery (CTS) unassociated with his job.[1] He placed his right hand down to climb over a rail and felt immediate pain in his right wrist. Mr. Diamond testified he did not know the extent of the injury, but he reported it that day to his supervisor and Bruce Morey, the environmental health and safety manager.

Two days later, Mr. Diamond primarily saw Dr. Grimaldi's physician assistant for persistent back pain. As an aside, the physician's assistant mentioned he was doing well, post-bilateral CTS release but that he still experienced pain.

---

[1] Dr. Nicholas Grimaldi performed the surgery.

Mr. Diamond continued to work and testified that he repeatedly reminded supervisors about his injury. However, Mr. Morey testified he did not recall discussing a work injury with Mr. Diamond or preparing paperwork to document it.

On December 19, Mr. Diamond missed work due to pain. The next day he went to Lakeway Regional Hospital for a wrist x-ray. The providers there released him to work without restrictions. Later that day, he saw Dr. Grimaldi and complained of right-wrist pain dating to his September injury at work. Addressing the injury, Dr. Grimaldi ordered an MRI and wrist brace and placed Mr. Diamond on restrictions of no use of the right hand.

Mr. Diamond returned to Clayton with the restrictions and told the production manager that he could not do his job. Clayton informed him to not return to work until he was fully able to perform his job duties.

In early January 2017, Mr. Diamond returned to Dr. Grimaldi, who noted continued right-wrist pain with activity. An MRI revealed mild edema of the hamate,[2] which Dr. Grimaldi viewed as a contusion. Dr. Grimaldi placed a cast on the wrist and removed him from work. Later, Dr. Grimaldi noted Mr. Diamond did well with the cast and replaced it with a wrist brace. He renewed Mr. Diamond's disability for a month. Later, Dr. Grimaldi recommended another MRI if his symptoms did not improve.

On February 24, when Mr. Diamond provided Clayton Dr. Grimaldi's opinion and explained he could no longer do his job, Clayton terminated him.

Afterward, Mr. Diamond moved to West Virginia. There, he came under the care of Dr. Alan Koester. Dr. Koester noted that a September MRI indicated a wrist ligament tear. He performed ligament repair surgery on November 2. Due to the history Mr. Diamond provided, Dr. Koester related the ligament tear and the need for ligament surgery to the work event on September 26, 2016.

Mr. Diamond informed Clayton on November 21, 2017, that Dr. Koester related his need for surgery to the alleged work event. Clayton filed a first report of injury at that time, but it did not pay any workers' compensation benefits. Mr. Diamond filed a Petition for Benefit Determination (PBD) on February 1, 2018. Clayton denied his claim on February 16. Mr. Diamond later underwent a wrist fusion surgery in June 2018.

---

[2] The hamate is a carpal bone.

Mr. Diamond testified that he told Clayton about his injury on the date of injury, and Clayton ignored his claim. He requested medical and temporary disability benefits.[3]

Clayton asserted that Mr. Diamond did not provide timely notice of his injury. In the alternative, Clayton argued the statute of limitations barred recovery because Clayton never paid benefits and a year lapsed between the injury and the date Mr. Diamond filed his PBD.

## Analysis

Mr. Diamond need not prove every element of his claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, he must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

An employee must provide notice of an injury to his employer within fifteen days. *See* Tenn. Code Ann. § 50-6-201 (a)(1). Here, the Court finds that Mr. Diamond met that requirement when he notified Clayton repeatedly about his injury starting on September 26, 2016, and continuing. The Court finds Mr. Diamond's testimony credible regarding notice.

However, a claim for benefits is barred if an employee fails to file a PBD within one year of the date of injury when an employer refuses or fails to pay provide benefits. *See* Tenn. Code Ann. § 50-6-203(b)(1). Mr. Diamond's date of injury is September 26 2016. Clayton paid no benefits. Mr. Diamond filed his PBD on February 1, 2018, more than one year after the date of injury. His claim is barred by the statute of limitations. Therefore, the Court holds that he is not likely to prevail at a hearing on the merits, and his claim is denied at this time.

**IT IS, THEREFORE, ORDERED as follows:**

1. Mr. Diamond's request for medical and temporary disability benefits is denied at this time.

2. This matter is set for a Status Hearing on November 8, 2018, at 2:00 p.m. Eastern Time. The parties must call 855-943-5044 toll-free to

---

[3] He also requested permanent benefits, but that issue is not ripe for adjudication at an Expedited Hearing.

participate in the hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED this the 10th day of August, 2018.**


_/s/ Brian K. Addington_
**BRIAN K. ADDINGTON**
**Workers' Compensation Judge**


## APPENDIX

Exhibits:
1. Tommy Diamond Affidavit
2. First Report of Injury
3. Wage Statement
4. Notice of Denial
5. Affidavit of Balee Greer
6. Medical Billing Ledger-University Physicians and Surgeons, Inc.
7. Medical Records-East Tennessee Spine and Orthopedic Specialists
8. Medical Records-Marshall Orthopaedics
9. Informal Position Statement of Clayton Homes, Inc. and collective exhibits
10. Collective Exhibits filed by Clayton Homes, Inc.
    a. Medical Records from Lakeway Regional Hospital
    b. CMH Personnel Action Request
    c. Interactive Process Report
    d. Termination Correspondence from CMH
11. Physical Therapy Records-University Physician and Surgeons
12. Petition for Benefit Determination and Amended Petition for Benefit Determination
13. Photograph-Incision Scars
14. Photograph-Incision Scars and Tendon

Technical Record:
1. Petition for Benefit Determination-Original
2. Petition for Benefit Determination-Amended
3. Dispute Certification Notice
4. Request for Expedited Hearing
5. Employer's Witness List for Expedited Hearing
6. Employer's Exhibit List for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on, August 10, 2018.

| Name | Certified Mail | Via Fax | Via Email | Sent To: |
|------|---------------|---------|-----------|----------|
| Tommy Diamond, Employee | X | | X | 48 Diamond Dr. Delbarton, WV 25670 diamondboxinggym@gmail.com |
| Leslie Bishop, Employer's Attorney | | | X | lbishop@lewisthomason.com |

**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**



<u>Expedited Hearing Order Right to Appeal</u>:

        If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

# EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

**RFA #:** _____

**Date of Injury:** _____

**SSN:** _____

_____

**Employee**

_____

**Employer and Carrier**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

**<u>Appellee(s)</u>**
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____ ____

Appellee's Phone:_____Email:_____ _____

Attorney's Name:_____ BPR#: _____ _

Attorney's Address:_____ Phone: _____ _

Attorney's City, State & Zip code: _____

Attorney's Email:_____ _

*\* Attach an additional sheet for each additional Appellee \**

**<u>CERTIFICATE OF SERVICE</u>**

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____      2. Address: _____

3. Telephone Number: _____      4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____      Relationship: _____

_____      Relationship: _____

_____      Relationship: _____

_____      Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

Groceries       $ _____ per month     Telephone      $ _____ per month

Electricity       $ _____ per month     School Supplies $ _____ per month

Water          $ _____ per month     Clothing        $ _____ per month

Gas            $ _____ per month     Child Care      $ _____ per month

Transportation $ _____ per month     Child Support   $ _____ per month

Car            $_____ per month

Other          $ _____ per month (describe: _____ )

10. Assets:

Automobile           $ _____       (FMV) _____

Checking/Savings Acct. $ _____

House                $ _____       (FMV) _____

Other                $ _____       Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____